So Ordered.

Dated: September 29, 2023



Rachel M. Blise
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| In re: | |
|---|---|
| Dakeela S. Burkes, | Case No. 21-23813-rmb |
| Debtor. | Chapter 13 |

| In re: | |
|---|---|
| Belinda F. Hull, | Case No. 22-20431-rmb |
| Debtor. | Chapter 13 |

**DECISION AND ORDER DENYING
UNITED STATES TRUSTEE'S MOTIONS TO DISMISS**

The United States Trustee ("UST") filed motions to dismiss these two chapter 13 bankruptcy cases on the grounds that the debtors did not file their cases in good faith because they did not disclose certain financial information on their schedules. The UST's motions were filed after the Court had entered orders confirming the debtors' respective chapter 13 plans that included findings that the debtors filed their cases in good faith. Those findings are *res judicata*, and the UST has not presented any basis for the Court to revisit them. The Court therefore denies the UST's motions to dismiss.

## JURISDICTION

The Court has jurisdiction over these matters pursuant to 28 U.S.C. § 1334 and the order of reference from the district court pursuant to 28 U.S.C. § 157(a). *See* Order of Reference (E.D. Wis. July 10, 1984) (available at www.wied.uscourts.gov/gen-orders/bankruptcy-matters) (last visited September 29, 2023). These are core proceedings under 28 U.S.C. § 157(b)(2)(A). This decision constitutes the Court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052 and Federal Rule of Civil Procedure 52.

## BACKGROUND

### *Dakeela S. Burkes*, Case No. 21-23813

Dakeela S. Burkes filed a chapter 13 petition on July 1, 2021. The debtor's plan and schedules were filed on July 15, 2021. The debtor did not disclose any business or business-related income on her schedules and statements. The chapter 13 trustee conducted the meeting of creditors and examined the debtor under oath on July 29, 2021. The debtor filed an amended plan on December 10, 2021, and the chapter 13 trustee recommended confirmation on January 5, 2022. Only one creditor objected to confirmation of the plan, and that objection was later withdrawn. No other party-in-interest objected to confirmation. On January 11, 2022, the Court entered an order confirming the amended chapter 13 plan. The order states, "The plan meets the requirements of 11 U.S.C. § 1325."

On November 30, 2022, the UST filed a motion seeking an order pursuant to Federal Rule of Bankruptcy Procedure 2004 requiring that lender Capital Plus Financial, LLC produce documents and communications related to a Small Business Administration Paycheck Protection Program ("PPP") loan obtained by the debtor prepetition. The same day, the UST also filed a motion under Rule 2004 for an order requiring the debtor to appear for an examination and produce to the UST, among other items, the debtor's prepetition tax returns, business profit and

loss statements, bank statements, and copies of PPP loan applications and related documentation and communications. The Court entered orders granting both motions on December 15, 2022.

On March 28, 2023, the UST filed the subject motion to dismiss. The UST asserts that the debtor failed to cooperate throughout his investigation, that the debtor did not produce documents in response to the UST's informal inquiry or the Court's order, and that the debtor failed to appear at the Rule 2004 examination. The UST asserts that the PPP loan documents produced by Capital Plus Financial reveal that in April 2021 the debtor obtained a PPP loan of $16,437 for the operation of a sole proprietorship childcare business. The PPP loan documents also state that the debtor's business earned $74,000 in 2019. The PPP loan has not been forgiven. The UST requested dismissal for cause under 11 U.S.C. § 1307(c) and asked the Court to bar the debtor from refiling under 11 U.S.C. §§ 349(a) and 105(a) due to the debtor's failure to disclose her business, business income, and receipt of the PPP loan on her bankruptcy schedules and statements, and due to the debtor's failure to obey the Court's Rule 2004 order.

The debtor did not file a response to the UST's motion to dismiss.

On May 2, 2023, the Court held a hearing to consider the UST's motion to dismiss. After the hearing, the UST filed a memorandum of law in support of his motion.

### *Belinda F. Hull*, Case No. 22-20431

Belinda F. Hull filed a chapter 13 petition on February 4, 2022. The debtor's plan and schedules were filed on February 18, 2022. The debtor disclosed the business Shape Her Up LLC, existing from "Nov 2020-present; not operating" on her schedules and statements. On schedule E/F, the debtor listed two "Disputed PPP Loan[s]" from Harvest Small Business Finance, LLC and BSD Capital, LLC dba Lendistry in "Unknown" amounts and disputed receiving any funds.

3

The chapter 13 trustee conducted the meeting of creditors and examined the debtor under oath on March 3, 2022.  The debtor filed an amended chapter 13 plan on June 21, 2022, and the trustee recommended confirmation of the amended plan on July 27, 2022.  No creditors or parties-in-interest objected to confirmation.  On July 29, 2022, the Court entered an order confirming the amended chapter 13 plan.  The order states, "The plan meets the requirements of 11 U.S.C. § 1325."

On August 1, 2022, the UST filed a motion seeking an order pursuant to Fed. R. Bankr. P. 2004 requiring that lender Harvest Small Business Finance, LLC ("Harvest") produce documents and communications related to a PPP loan obtained by the debtor prepetition.  The Court entered an order granting the motion on August 17, 2022.  On January 23, 2023, the UST filed a motion under Rule 2004 for an order requiring the debtor to appear for an examination and produce to the UST, among other items, the debtor's prepetition tax returns, business profit and loss statements, bank statements, and copies of PPP loan applications and related documentation and communications.  The Court granted the motion on February 8, 2023.

On March 29, 2023, the UST filed the subject motion to dismiss.  The UST asserts that the debtor failed to cooperate throughout his investigation, that the debtor did not produce documents in response to the UST's informal inquiry or the Court's order, and that the debtor failed appear at the Rule 2004 examination.  The UST further asserts that the PPP loan documents produced by Harvest reveal that the debtor obtained a PPP loan in the amount of $20,104 in April 2021 and a second PPP loan in the amount of $20,104 in May 2021 for the operation of a hair salon.  The debtor included a profit and loss statement with her loan applications that reported she operated a hair salon business with gross income of $96,500 and a net profit of $66,935 in 2020.  The PPP loan has not been forgiven.  The UST moved to dismiss the case for cause under 11 U.S.C. § 1307(c) and requested that the Court bar the debtor from

refiling under 11 U.S.C. §§ 349(a) and 105(a), due to the debtor's failure to disclose her business, business income, and the receipt of the PPP loans on her bankruptcy schedules and statements, and for her failure to obey the Court's Rule 2004 order.

The debtor did not file a response to the UST's motion to dismiss.

On May 2, 2023, the Court held a hearing to consider the UST's motion to dismiss. After the hearing, the UST filed a memorandum of law in support of its motion.

## DISCUSSION

Section 1307 of the Bankruptcy Code governs dismissal of a chapter 13 case. Section 1307(c) provides that "on request of a party in interest or the United States trustee and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause . . . ." 11 U.S.C. § 1307(c). The statute then lists 11 circumstances that constitute cause for dismissal. *Id.* The debtor's bad faith, or lack of good faith, in filing her petition is not among the list in § 1307(c), but the Seventh Circuit has held that "lack of good faith is sufficient cause for dismissal under Chapter 13." *In re Love*, 957 F.2d 1350, 1354 (7th Cir. 1992).

The UST asks the Court to dismiss the debtors' cases based on the debtors' omissions in their bankruptcy schedules, as well as their failures to cooperate with the UST's investigations and obey the Court's Rule 2004 orders. The UST argues that the debtors' actions demonstrate that they did not file their cases in good faith, and this lack of good faith is cause for dismissal.

The problem is that the Court has already found that the debtors filed their cases in good faith. The Court's confirmation order in each of the cases states that "[t]he plan meets the requirements of 11 U.S.C. § 1325." Section 1325(a) provides that a bankruptcy court shall confirm a chapter 13 plan only if all of nine numbered paragraphs and one unnumbered

paragraph are satisfied. 11 U.S.C. § 1325(a); *see also United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 277 (2010) ("§ 1325(a)(1) instructs a bankruptcy court to confirm a plan *only if* the court finds, inter alia, that the plan complies with the 'applicable provisions' of the Code.") (emphasis added); *id.* at 277 n.14 ("Section 1325(a) . . . *requires* bankruptcy courts to address and correct a defect in a debtor's proposed plan even if no creditor raises the issue.") (emphasis in original).

Relevant here, § 1325(a)(7) provides that the court "shall confirm a plan if . . . the action of the debtor in filing the petition was in good faith." 11 U.S.C. § 1325(a)(7). Congress added that subsection in the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA)[1] as an additional condition for confirmation of a chapter 13 plan, separate and distinct from the already-existing § 1325(a)(3), which requires that the plan has been proposed in good faith. In concluding that the plans met the requirements of § 1325, the Court necessarily found, pursuant to § 1325(a)(7), that the debtors filed their cases in good faith. The UST raised no objection to confirmation or to the Court making such a finding.

"As a general rule, the failure to raise an objection at the confirmation hearing or to appeal from the order of confirmation should preclude . . . attack on the plan or any provision therein as illegal in a subsequent proceeding." *In re Chappell*, 984 F.2d 775, 782 (7th Cir. 1993) (quotation omitted); *see also Case v. Wells Fargo Bank, NA*, 394 B.R. 469, 475-76 (Bankr. E.D. Wis. 2008) ("[T]he confirmation order is *res judicata* and binding upon the debtor and creditors as to all issues which have been decided or which *could have been* decided before confirmation.") (emphasis in original) (citing *Adair v. Sherman*, 230 F.3d 890, 894-95 (7th Cir. 2000)). Once the Court entered the confirmation orders, the orders had "preclusive effect,

---

[1] Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109–8, 119 Stat. 23 (codified as amended in various sections of 11 U.S.C.).

foreclosing relitigation of any issue actually litigated by the parties and any issue necessarily determined by the confirmation order." *Bullard v. Blue Hills Bank*, 575 U.S. 496, 502 (2015) (quotation omitted); *see also* Alan N. Resnick & Henry J. Sommer, 8 Collier on Bankruptcy ¶ 1327.02[1][c] (16th ed. 2023) ("It is quite clear that the binding effect of a chapter 13 plan extends to any issue actually litigated by the parties *and any issue necessarily determined by the confirmation order*, including whether the plan complies with sections 1322 and 1325 of the Bankruptcy Code.") (emphasis added). In *Espinosa*, the Supreme Court affirmed that orders confirming chapter 13 plans are final orders, and the Supreme Court declined to allow a later attack on a confirmation order even while expressing concern for the potential for debtors to engage in "bad-faith litigation tactics" in proposing their plans. 559 U.S. at 278.

The UST's argument would require revisiting the Court's findings that the cases were filed in good faith. None of the narrow grounds for doing so are applicable here. Under Civil Rule 60(b), made applicable in bankruptcy cases by Federal Rule of Bankruptcy Procedure 9024, a party can seek relief from a final judgment, order, or proceeding based on "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial[.]" Fed. R. Civ. P. 60(b)(2) (as incorporated by Fed. R. Bankr. P. 9024). Such a motion is expressly subject to a one-year time limit. *See* Fed. R. Civ. P. 60(c).

The UST's motion to dismiss the Burkes case was filed on March 28, 2023, over 14 months after the confirmation order and two months after the expiration of the one-year time bar applicable under Rule 60(b). The UST is not able to use Rule 60(b)(2) in that case.

The UST's motion to dismiss the Hull case was filed on March 29, 2023, within one year after the July 29, 2022 confirmation order. But the UST has not shown that the facts that would support revisiting the confirmation order could not have been discovered before the order was entered. It may be true that the UST did not have solid information regarding the debtor's

7

undisclosed PPP loan before the confirmation order was entered, but the UST does not explain why he could not have obtained that information before confirmation. The debtor did disclose a business and a dispute regarding a PPP loan in her schedules filed on February 18, 2022. The UST had over six months to investigate the circumstances of the loan and the truth of the debtor's disclosures, but he waited until three days after the confirmation order was entered to file his first Rule 2004 motion. Even if his investigations were still pending, the UST could have filed a motion to extend his deadline to object to confirmation. Rule 60(b)(2) does not provide a basis for relief from the confirmation orders in either case.

Rule 60(b)(6) allows a party to request relief from a final judgment or order for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). "This last option is available only when Rules 60(b)(1) through (b)(5) are inapplicable. Even then, extraordinary circumstances must justify reopening." *Kemp v. United States*, 142 S. Ct. 1856, 1861 (2022) (internal citations omitted). The UST has not identified any extraordinary circumstances in these cases that would justify resort to Rule 60(b)(6), so the Court concludes that relief under that rule is not available.

Section 1330 allows a court to revoke confirmation of a chapter 13 plan in some circumstances. *See* 11 U.S.C. § 1330. That section provides a narrow exception to the finality of a confirmation order and it is limited in two important ways: the request for revocation must be made "within 180 days after the date of the entry of [the confirmation order]," and revocation is only authorized "if such order was procured by fraud." 11 U.S.C. § 1330(a). The 180-day time limit for proceedings seeking revocation of confirmation is strictly construed. Alan N. Resnick & Henry J. Sommer, 8 Collier on Bankruptcy ¶ 1330.01[2] (16th ed. 2023) ("Even if the grounds for revocation are not discovered until after the deadline, section 1330 does not permit a later proceeding."). Both motions to dismiss were filed after the deadline in § 1330, so the confirmation orders cannot be revoked under that section.

The UST argues that he is not limited by Rule 60(b) and § 1330. He contends that § 1307(c) allows the Court to dismiss a chapter 13 case for cause based on facts that arose before confirmation even after the plan is confirmed. The Court shares the UST's concern that debtors should not be permitted to abuse the bankruptcy system by misrepresenting their financial affairs on their schedules. But the time to raise that issue was before the Court made a finding that the debtor's filed their petitions in good faith. Section 1307(c) is not a means to evade the effects of a confirmation order. To allow the UST to seek revocation based on pre-confirmation conduct would allow other parties in interest to seek dismissal after confirmation for a host of pre-confirmation issues that should have been litigated in connection with confirmation.

Moreover, the UST was unable to articulate a limit on his position. Section 1307(c) applies to both the UST and to parties in interest, and there is no textual basis to differentiate between motions brought by the UST and those that may be brought by creditors after confirmation. Under the UST's interpretation of § 1307(c), a chapter 13 case could be dismissed at any time before the debtor receives a discharge based on her conduct early in the case. This means that a debtor who has made 59 payments under a confirmed chapter 13 plan could see her case dismissed and lose her ability to receive a discharge if the UST or a creditor moves to dismiss on the ground that the debtor did not file her case in good faith. A rule like this only "invites mischief" by creditors and other parties in interest. *See Case*, 394 B.R. at 476 ("Permitting a challenge to a plan after confirmation invites mischief.").

The Court agrees with the bankruptcy court's holding in *In re Pfetzer*, 586 B.R. 421 (Bankr. E.D. Ky. 2018). There, a creditor alleged that the debtor had concealed assets and made misrepresentations regarding his assets in his schedules. *Id.* at 425. The creditor brought a motion to dismiss for lack of good faith, but it was filed after the deadline for objecting to confirmation of the debtor's chapter 13 plan. *Id.* The court held that arguments regarding a

9
Case 21-23813-rmb    Doc 96    Entered 09/29/23 15:48:18    Page 9 of 15

debtor's lack of good faith in filing a chapter 13 petition are necessarily objections to confirmation under § 1325(a)(7) and are therefore required to be brought within the time allowed under Federal Rule of Bankruptcy Procedure 3015(f). *Id*. at 428-29. Having failed to object to confirmation by the deadline, the creditor had effectively conceded that the plan met the requirement of § 1325(a)(7) and the case was filed in good faith. *Id*. at 429-30. The court concluded that a creditor cannot ignore the objection deadline for confirmation and then assert the same type of lack of "good faith" objection under the "for cause" dismissal provision in § 1307(c): "The Court concludes that the addition of § 1325(a)(7) obligated Creditor to timely object to confirmation if it perceived that Debtor filed his petition in bad faith. Creditor's failure to do so amounted to a waiver of this bad-faith argument under § 1307(c)." *Id.* at 429.

Here, the UST's concession that the debtors filed their cases in good faith is even clearer than the creditor's concession in *Pfetzer*. Not only did the UST not bring his argument regarding the debtor's lack of good faith before the deadline for objecting to confirmation, the UST did not even bring the argument before the Court entered the confirmation order. The objection is now waived and the matter is *res judicata. See* Alan N. Resnick & Henry J. Sommer, 8 Collier on Bankruptcy ¶ 1325.08 (16th ed. 2023) ("[O]nce a plan is confirmed, the confirmation order should constitute a binding determination that the petition was filed in good faith that precludes granting dismissal on the grounds that the petition was not filed in good faith."). *Cf. In re Contempri Homes, Inc.*, 247 B.R. 135, 138-39 (Bankr. M.D. Pa. 2000) (holding that the UST, having been properly served chapter 11 plan, was bound to plan terms by both *res judicata* and collateral estoppel effect of confirmation order).

The UST cites several cases in which bankruptcy courts have dismissed chapter 13 cases under § 1307(c) after confirmation of the plan. All of the cases are distinguishable, and the Court is not persuaded that any of their reasoning should control here.

10

The primary case cited by the UST is *In re Luxford*, 368 B.R. 63 (Bankr. D. Mont. 2007). In that case, the debtors' plan was confirmed in March 2006, and the chapter 13 trustee sought dismissal in October 2006. *Id.* at 65. The trustee argued that the debtors had omitted several items of personal property from their schedules, which supported a finding that they had filed the case in bad faith. *Id.* at 67-68. The court concluded that the debtors had "filed their Chapter 13 petition, schedules, statement of financial affairs and plan in bad faith and in an effort to unfairly manipulate the bankruptcy process." *Id.* at 74. The court determined that, as a result, cause existed to dismiss the case under § 1307(c). *Id.*

Although *Luxford* was decided in 2007, the petition was filed on September 13, 2005, before the October 17, 2005 effective date of BAPCPA. The court applied the pre-BAPCPA standards for confirmation and was not required to determine at confirmation that the debtor filed the petition in good faith. *See id.* at 70 (Bankr. D. Mont. 2007) ("As this is a preBAPCPA case, the Court will consider the statute prior to the amendments effective on October 17, 2005."). The *Luxford* case also pre-dated *Espinosa*, where the Supreme Court clarified that all the requirements of § 1325(a) must be satisfied for a plan to be confirmed and that confirmation orders operate as *res judicata*. 559 U.S. at 275, 277. Unlike this case, the court in *Luxford* was not bound by *res judicata* from making a post-confirmation finding that the case had not been filed in good faith.

The *Luxford* court relied heavily on *Leavitt v. Soto (In re Leavitt)*, 171 F.3d 1219 (9th Cir. 1999), in which the Ninth Circuit described four factors that can be applied to determine whether a chapter 13 debtor filed her case in bad faith. *Id.* at 1224-25. The *Leavitt* case was also decided before BAPCPA. Moreover, the creditor's motion to dismiss under § 1307(c) was brought before the debtor's plan was confirmed, so there was no prior finding that the debtor filed the case in good faith. *See id.* at 1221.

11

In another case cited by the UST, *In re Dores*, No. 16-10169, 2017 WL 2468964 (Bankr. E.D. Cal. June 7, 2017), the bankruptcy court granted a creditor's post-confirmation motion to dismiss the debtors' chapter 13 case on the grounds that the debtors had not disclosed pre-petition payments to the debtors' friends and relatives. The debtors' chapter 13 plan was confirmed in May 2016. *Id.* at *3. The creditor discovered the omission of certain payments from the debtors' schedules shortly thereafter and filed a motion to dismiss in August 2016, which the court granted. *Id.* at *4. The court noted that "[e]ven though the court may have found impliedly or explicitly that a chapter 13 plan was proposed in 'good faith,' the court can review that finding post-confirmation if new information comes to light." *Id.* The court's only citation for that statement was *Luxford*. *Id.* As noted, *Luxford* was a pre-BAPCPA case that did not involve application of the new § 1325(a)(7) good faith requirement for plan confirmation. Contrary to the *Dores* court's statement, *Luxford* does not stand for the proposition that a court can review a finding of good faith post-confirmation because *Luxford* did not involve such a review. For that reason, the Court concludes that *Dores* is not persuasive. Moreover, the motion to dismiss in *Dores* was brought within 180 days after confirmation and was based on facts that could not have been discovered before confirmation, so court's finding of good faith could have been reviewed under § 1330(a) or Rule 60(b)(2).

Another case cited by the UST, *In re Hines*, No. 19-25279, 2022 Bankr. LEXIS 1984 (Bankr. W.D. Tenn. July 12, 2022), is readily distinguishable. In that case, the debtor's plan was confirmed in October 2019. *Id.* at *1-2. On December 4, 2020, the bankruptcy court entered an order allowing the debtor to incur debt. *Id.* at *2. In early 2022, the debtor provided a copy of that order to a lender processing a loan application. *Id.* The lender responded that the "letter" was too "old" and requested an updated "letter." *Id.* The debtor then provided a falsified order dated February 16, 2022, which was identical to the December 4, 2020 order except the debtor

changed the date.  *Id.*  The lender provided the order to the chapter 13 trustee, and the trustee filed a motion to dismiss.  *Id.* at *2-3.  The court found that the debtor had acted in bad faith and that there was cause to dismiss the case under § 1307(c).  *Id.* at *5.  Importantly, the debtor's bad faith occurred post-confirmation, and the court did not have to revisit any findings made under § 1325(a).  *Hines* therefore stands for the unremarkable proposition that a debtor's post-confirmation bad faith conduct can constitute cause for dismissal under § 1307(c).  It says nothing about whether the debtor's pre-confirmation conduct can serve as a basis for dismissal well after confirmation.

Finally, the UST cites *In re Frank*, 638 B.R. 463 (Bankr. D. Colo. 2022).  There, the debtors failed to disclose a claim and settlement proceeds related to a prepetition car accident.  *Id.* at 465.  The chapter 13 trustee learned about the settlement proceeds the month before the debtors made their last payment under the chapter 13 plan.  *Id.*  After the debtors made the last payment, but before the discharge was entered, the trustee filed a motion to dismiss based on the debtor's lack of good faith.  *Id.*  The court concluded that 11 U.S.C. § 1328(a) mandates discharge after completion of plan payments and denied the motion to dismiss.  However, the court "acknowledges[d] that § 1307(c) contains no deadline for filing a dismissal motion and that 'bad faith' conduct gives rise to 'cause' for dismissal."  *Id.* at 471.  This statement is dicta.  The *Frank* court did not wrestle with the question at issue here, which is whether the Court can make a finding regarding the debtor's good faith, or lack thereof, in filing the petition that is contrary to a finding already made in the confirmation order.

In sum, the Court is not persuaded by any of the cases that the UST cites.  The UST cites no post-BAPCPA cases in which the court dismissed a case based on a factual finding that contradicted the findings embodied in the confirmation order.  The debtors' alleged lack of good

13

Case 21-23813-rmb    Doc 96    Entered 09/29/23 15:48:18    Page 13 of 15

faith in filing their petitions cannot serve as a basis to dismiss their chapter 13 cases at this late juncture.

The UST also points to the debtors' post-confirmation failure to comply with the Court's orders under Rule 2004 requiring them to produce documents and appear for examination. Rule 2004 permits the UST and other parties in interest to conduct a broad inquiry into a debtor's financial condition, matters that may affect administration of the estate, or "any other matter relevant to the case or to the formulation of a plan." Fed. R. Bankr. P. 2004(b). Orders under Rule 2004 are granted routinely. Given the breadth of permissible examination, the Court does not generally undertake a detailed inquiry as to the specific purpose of the examination absent an objection.

In these cases, the UST may have used the information he sought for any number of permissible purposes. However, if the sole purpose of the Rule 2004 examinations was in service of the UST's desire to bring a post-confirmation motion to dismiss based on the debtors' lack of good faith in filing their petitions, then the debtors should not be penalized for failing to comply with orders granting those examinations. Such a ruling would allow the UST to evade the *res judicata* effect of plan confirmation simply by obtaining a post-confirmation Rule 2004 order and requesting dismissal if the debtor does not comply.

Nevertheless, the UST's Rule 2004 examinations may have been in service of another purpose, and the information may be necessary for some other matter relevant to the performance of the plans or administration of the cases. If so, then the debtors should face a consequence for their failure to comply with the Court's orders. Therefore, the Court's denial of the UST's motions to dismiss will be without prejudice to the UST's ability to reassert his motions based on the debtors' post-confirmation conduct.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that the United States Trustee's Motion to Dismiss the Case of Dakeela S. Burkes, No. 21-23813-rmb (ECF No. 81), is DENIED.

IT IS FURTHER ORDERED that the United States Trustee's Motion to Dismiss the Case of Belinda F. Hull, No. 22-20431-rmb (ECF No. 63), is DENIED.

IT IS FURTHER ORDERED that the denial of the United States Trustee's motions to dismiss is without prejudice to the UST's ability to bring a later motion to dismiss based on the post-confirmation conduct of the debtors.

# # # # #